IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **FIELDTURF USA, INC., FIELDTURF INC. AND FIELDTURF TARKETT SAS** § § § § § **TENCATE THIOLON MIDDLE EAST, LLC F/K/A MATTEX LEISURE INDUSTRIES, POLYLOOM CORPORATION OF AMERICA D/B/A TENCATE GRASS NORTH AMERICA, AND TENCATE THIOLON B.V.** § § § § § § § | **CIVIL NO. A-12-MC-105  LY** **(Underlying proceeding Civil No. 4:11-CV-050-TWT, United States District Court for the Northern District of Georgia)** |

## ORDER

Before the Court are Hella Construction, Inc.'s Motion to Quash Subpoena and Notice of Deposition, filed on February 2, 2012 (Clerk's Docket No. 1) and Plaintiffs' Memorandum of Law in Opposition to the Motion to Quash, filed on February 23, 2012 (Clerk's Doc. No. 4).  The District Court referred the discovery motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.     General Background

On March 1, 2011, Plaintiffs FieldTurf USA Inc., FieldTurf  Inc. and Field Turf SAS ("FieldTurf") filed the instant lawsuit, which is currently pending in the United States District Court for the Northern District of Georgia (Case No. 4:11-CV-000500 TWT), against TenCate Thiolon Middle East, LLC f/k/a Mattex Leisure Industries, Polyloom Corporation of America d/b/a TenCate Grass North America and TenCate Thiolon B.V. ("Defendants").   FieldTurf, a manufacturer of artificial grass turf systems used in football and soccer fields, entered into a series of supply contracts

with TenCate and one of its predecessors, Mattex Leisure Industries, suppliers of monofilament fibers. FieldTurf alleges that Defendants "perpetrated a classic 'bait and switch' scheme in which Mattex provided FieldTurf with samples and test data for one type of monofilament fiber and then delivered a far inferior product." Plaintiffs' Response at p. 2. FieldTurf's Complaint alleges fraudulent inducement of contract, breach of contract, and breach of warranty, and seeks preliminary and permanent injunctive relief. TenCate has counterclaimed with allegations that FieldTurf has disparaged TenCate's products and tortiously interfered with prospective customers.

On January 19, 2012, FieldTurf served Hellas Construction, Inc. ("Hellas") with a subpoena for the production of documents and deposition testimony which it asserts is relevant to the claims and counterclaims in the underlying lawsuit. The subpoena seeks information concerning TenCate's marketing of Evolution and Evolution Plus to Hellas, with a particular focus on Hellas's alleged decision not to purchase Evoloution and Evolution Plus. The subpoena also seeks information regarding any deficiencies or other shortcomings Hellas has observed in the performance of monofilament fibers purchased from TenCate.

On February 2, 2012, Hellas filed the instant Motion to Quash Subpoena and Notice of Deposition asserting that the subpoena seeks privileged information including trade secrets. While Hellas emphasizes in its Motion that it is not a named party in the underlying litigation, it fails to mention that it is owned in part by Defendant TenCate. *See* Attachment to Plaintiffs' Response, Skibell Dec. at ¶ 6. In addition, while Hellas argues that FieldTurf filed the subpoena simply to harass Hellas—one of FieldTurf's competitors—Hellas was specifically identified by Defendants as one of the potential customers lost due to FieldTurf's allegedly disparaging statements. See Exh.

A to Plaintiffs' Response, Defendants' Answers and Objections to Plaintiffs' First Set of Interrogatories, at p. 12.

**II.  Analysis**

As an initial matter, the Court notes that in filing its motion, it does not appear that Hellas has complied with Rule CV-7(h) of the Local Court Rules for the Western District of Texas.  That rule requires that the parties confer "in a good-faith attempt to resolve the matter by agreement" before filing a non-dispositive motion before the Court.  Although Hellas' Motion contains a Certificate of Conference stating that "undersigned conferred with counsel for the FieldTurf parties on February 1, 2012, but cannot reach an agreement," it does not appear that this is a complete statement of the parties' discussions. As noted in Plaintiffs' response, "FieldTurf has made numerous efforts to accommodate Hellas and minimize the burden of the subpoena.  In spite of these efforts, Hellas abruptly filed the motion to quash without prior notice to FieldTurf that it would be making such a motion." Plaintiffs' Response at 3.  The applicable local rule requires not just a conference, but also requires the movant to "certif[y] the specific reason(s) that no agreement could be made." Local Rule CV-7(h).  Hellas' certificate of conference fails to meet this requirement. For the reasons set forth below, however, because Hellas' substantive arguments in support of quashing the subpoena are so plainly lacking, the Court will not deny the motion on this ground—though it could under the Local Rules.

Hellas argues that FieldTurf's subpoena and deposition notice should be quashed because FieldTurf is attempting to discover protected trade secrets.  The Court first notes that there is no absolute privilege for confidential information or trade secrets under federal law. *Education Logistics, Inc. v. Laidlaw Transit, Inc.*, 2011 WL 1348401 at *2 , (N.D. Tex. April 8, 2011).  The

applicable rule dealing with trade secret information is found at FED. R. CIV. P. 45(c)(3)(B)(i), which provides that the issuing court may, on motion, quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(c)(3)(B)(i).[1]  The subpoenaed party bears the burden of showing that the information is a trade secret and that disclosure would be harmful. *Education Logistics, Inc.*, 2011 WL 1348401 at *2. If these requirements are met, the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action. *Centurion Industries, Inc. v. Warren Steurer and Associates*, 665 F.2d 323, 325 (10th Cir. 1981).

Hellas has completely failed to meet its burden to show that FieldTurf's subpoena seeks information that is protected by trade secrets and that the disclosure would be harmful to Hellas. Hellas' complete statement of their argument in this regard is as follows:

> As is apparent from the subpoena, the categories requested are extremely broad, have marginal, if any, relevance to the issues in the pending lawsuit, and seek information which is confidential and/or trade secret information that should not be provided to the Plaintiffs. Specifically, each of the requests . . . seek information which is proprietary and confidential to Hellas' business.

Motion to Quash at at 2.  As FieldTurf points out, these are plainly conclusory and vague assertions. Such conclusory allegations are not sufficient to meet the burden under Rule 45.  See *Atlantech, Inc. v. American Panel Corp.*, 2011 WL 2078222 at *3 (E.D. Mich. May 24, 2011) ("A party's mere assertion that certain information is privileged is insufficient to meet this burden").  Hellas has failed to provide the Court with any evidence or supporting affidavits showing that the information sought contains trade secrets.  *See In re Subpoena of AmeriCredit Financial Services, Inc.*, 2008 WL

---

[1] Hellas only cited to the "generic" privilege provisions of FED. R. CIV. P. 45(c)(3)(A)(iii), ignoring the more specific trade secret portion of the rule.

2594767 at *1 (N.D. Tex. June 30, 2008) (denying motion to quash where moving party failed to carry its burden).

Even if Hellas had demonstrated that the subpoena required the disclosure of trade secrets, it has failed to do demonstrate that it would be harmed by having to produce the information to FieldTurf.  There is a Confidentiality Order already in place in the underlying litigation, and it applies to information provided by third parties. *See* Skibell Decl., Ex. B.  ¶¶ 1, 5.  The Court finds that, to the extent the subpoena requires the production of trade secrets, the Confidentiality Order adequately protects any confidentiality interest Hellas has in its information.  Further, the Court finds that the information sought in FieldTurf's subpoena is relevant to the claims and counterclaims in the underlying litigation and is narrowly tailored to limit the burden of compliance on Hellas.

Because Hellas has failed to meet its burden of establishing that FieldTurf's subpoena imposes an undue burden, the Court **HEREBY DENIES** the Motion to Quash Subpoena and Notice of Deposition (Clerk's Docket No. 1).

SIGNED this 12th day of March, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE